


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIL FRLUCKAJ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>L.E. SCRIBNER, WARDEN<br><br>　　　　　　Respondent. | NO. CV 07-7337-MMM (E)<br><br>ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE JUDGE |

　　Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

　　IT IS ORDERED that Judgment be entered denying and dismissing the Petition without prejudice.

///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner and counsel for Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: _May 20, 2008_.

_/s/ Margaret M. Morrow_
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

FILED
CLERK, U.S. DISTRICT COURT
NOV 30 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIL FRLUCKAJ, | NO. CV 07-7337-MMM(E) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION OF |
| L.E. SCRIBNER, WARDEN | UNITED STATES MAGISTRATE JUDGE |
| Respondent. | |

This Report and Recommendation is submitted to the Honorable Margaret M. Morrow, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## PROCEEDINGS

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on November 8, 2007. It plainly appears from the face of the Petition that Petitioner is not entitled to relief at this time. Consequently, the Petition should be denied and

dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**STANDARD FOR RELIEF**

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b)-(c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan v. Boerckel, 526 U.S. at 844. The exhaustion requirement seeks to avoid "the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." Id. at 844-45 (citations, internal brackets and quotations omitted).[1]

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989); James v. Borg, 24 F.3d 20, 24

---

[1] "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983). A federal court may raise exhaustion problems sua sponte. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987).

1  (9th Cir.), cert. denied, 513 F.3d 935 (1994). A claim has not been
2  fairly presented unless the prisoner has described in the state court
3  proceedings both the operative facts and the federal legal theory on
4  which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66
5  (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982); Weaver v.
6  Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

8  Petitioner has the burden of demonstrating he has exhausted
9  available state remedies. See, e.g., Coady v. Vaughn, 251 F.3d 480,
10 488 (3d Cir. 2001); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.),
11 cert. denied, 522 U.S. 833 (1997); Keating v. Hood, 922 F. Supp.
12 1482, 1490 (C.D. Cal. 1996), app. dismissed on other grounds, 133
13 F.3d 1240 (9th Cir. 1998). Petitioner has failed to carry this
14 burden.

**DISCUSSION**

I.  **Petitioner's Claims**

Petitioner raises two claims in the instant petition. In Ground One of the Petition, Petitioner contends the sentencing court imposed an upper term sentence in violation of Blakely v. Washington,
///
///
///
///
///

3

542 U.S. 296 (2004).[2] The California Supreme Court denied review of this claim on August 16, 2006. At the time the California Supreme Court denied Petitioner's petition for review, the only case specifically addressing the constitutionality of the California statutory scheme for the imposition of an upper term sentence was People v. Black, 35 Cal. 4th 1238, 29 Cal. Rptr. 3d 740, 113 P.3d 534 (2005), abrogated by Cunningham v. California, 127 S. Ct. 856 (2007) ("Black"). Black held that this statutory scheme did not violate the constitutional principles set forth in Apprendi and Blakely.

On January 22, 2007, after the California Supreme Court denied Petitioner's petition for review, the United States Supreme Court issued its decision in Cunningham v. California, 127 S. Ct. 856 (2007) ("Cunningham"). Cunningham held that a California judge's imposition of an upper term sentence based on facts found by the judge (other than the fact of a prior conviction) violated the constitutional principles set forth in Apprendi and Blakely. Cunningham expressly disapproved the holding and the reasoning of Black. As yet, no California court has had the opportunity to consider the constitutionality of Petitioner's sentence in light of

---

[2] In Apprendi v. New Jersey, 530 U.S. 466 (2000) ("Apprendi"), the United States Supreme Court held as a matter of constitutional law that, other than the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In Blakely v. Washington, 542 U.S. 296 (2004) ("Blakely"), the Supreme Court held that the "statutory maximum" for Apprendi purposes "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant* . . . ." Blakely, 542 U.S. at 303 (original emphasis).

4

Cunningham. Principles of comity suggest that the California courts now should have that opportunity. In this sense at least, as discussed more fully below, Petitioner's Blakely claim currently stands as "unexhausted."

In Ground Two of Petition, Petitioner claims ineffective assistance of trial counsel. This claim is "unexhausted" as Petitioner has not presented this claim to the California Supreme Court. Petitioner alleges that on October 4, 2007, he filed a petition for writ of habeas corpus with the Riverside County Superior Court raising Grounds One and Two herein. The superior court petition evidently is still pending.

II. **Further Exhaustion of Petitioner's Blakely Claim is Appropriate.**

Petitioner fairly presented his Blakely claim by raising the claim in his petition for review filed in the California Supreme Court. However, because Cunningham places Petitioner's Blakely claim in a "fundamentally different light," further exhaustion of Petitioner's claim is now appropriate:

> The principle that state remedies are exhausted if the federal claim has once been presented to the highest state court, and that it is not necessary to make repeated applications or to try other state remedies, is qualified if there has been an intervening change in the law.
>
> If a prisoner has exhausted his state remedy

>unsuccessfully, but there is an intervening Supreme Court decision that might induce the state courts to give relief, the prisoner will be required to apply again for relief from the state courts so that they may have the first opportunity to apply the new Supreme Court decision.

17B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper and Vikram David Amar, Federal Practice and Procedure § 4264.4, p. 276 (3d Ed. 2007) (footnote omitted). The Supreme Court recognized this principle in Picard v. Connor, 404 U.S. 270, 276 (1971) ("Picard"). Picard states that further exhaustion may be required where an intervening change in federal law "cast[s] the legal issue in a fundamentally different light . . . ." Id. at 276.[3] In support of this proposition, the Picard Court cited Blair v. California, 340 F.2d 741, 744-45 (9th Cir. 1965) ("Blair"), and Pennsylvania ex rel. Raymond v. Rundle, 339 F.2d 598 (3d Cir. 1964) ("Raymond"). Picard, 404 U.S. at 276.

In Blair, the state courts had rejected the petitioner's claim that he had a right to the appointment of counsel on appeal. Blair, 340 F.2d at 743. Thereafter, the Supreme Court decided Douglas v. California, 372 U.S. 353 (1963), which recognized for the first time a constitutional right to the appointment of counsel on appeal. The Blair Court ruled that further exhaustion was required because Blair

---

[3] Further exhaustion is not required in the event of an intervening change in state law. See Francisco v. Gathright, 419 U.S. 59, 63 & n.6 (1974) (distinguishing situation involving an intervening change in federal law); Roberts v. LaVallee, 389 U.S. 40, 43 (1967).

had "not obtained an adverse state court ruling on the issue of whether <u>Douglas v. California</u> is applicable to Blair's pre-<u>Douglas</u> appeal . . . ." <u>Blair</u>, 340 F.2d at 744. The Court explained: "The underlying lesson of this case is that a state prisoner who believes that some decision of the United States Supreme Court subsequent to the state court decision in his case requires that his conviction or sentence be set aside should first pursue any state remedy which may be available to present that contention before applying for a federal writ of habeas corpus." <u>Id.</u> at 745.

In <u>Raymond</u>, the petitioner had fairly presented in state court his claims that his confession was involuntary and that he did not receive "the full benefit of counsel." However, the petitioner then contended in federal habeas proceedings that subsequent United States Supreme Court cases "would have compelled a decision in his favor . . . ." <u>Raymond</u>, 339 F.2d at 598. The Third Circuit upheld the District Court's dismissal on exhaustion grounds, stating that "a decent regard for the position and responsibilities of the state courts requires that they be afforded an opportunity to consider and decide these questions before the federal district court is called upon to so do." <u>Id.</u> at 599 (citation omitted).

Many other cases are in accord. <u>See</u> <u>Daboul v. Craven</u>, 429 F.2d 164, 167-68 (9th Cir. 1970) (further exhaustion required where new case of <u>Barber v. Page</u>, 390 U.S. 719 (1968) held unconstitutional a state statute similar to that challenged by petitioner; further exhaustion also required on challenge to line-up procedure in light of new cases of <u>Stovall v. Denno</u>, 388 U.S. 293 (1967), and <u>Foster v.</u>

7

California, 394 U.S. 440 (1969), because state courts "had no opportunity to deal with the claim of violation of due process in the line-up procedure, with the benefit of the Supreme Court's important announcements in Stovall and Foster"); Ashley v. State of California, 397 F.2d 270, 270 (9th Cir. 1968) (further exhaustion required because new cases including Pate v. Robinson, 383 U.S. 375 (1966) presented "a potential ground for relief upon which the state courts [had] not yet ruled"); United States ex rel. Walker v. Fogliani, 343 F.2d 43, 46-47 (9th Cir. 1965) (further exhaustion required where new case of Escobedo v. Illinois, 378 U.S. 478 (1964)) "cast new light upon a fundamental guarantee of the Federal Constitution"); see also Campanale v. Harris, 724 F.2d 276, 280-82 (2d Cir. 1983), cert. denied, 469 U.S. 837 (1984) (intervening case of Doyle v. Ohio, 426 U.S. 610 (1976) required further exhaustion of claim that prosecution's use of petitioner's post-arrest silence as impeachment violated the constitution); St. Pierre v. Helgemoe, 545 F.2d 1306, 1309 (1st Cir. 1976) (exhaustion required because no state court previously had the opportunity to consider petitioner's challenge to the validity of his plea in light of Henderson v. Morgan, 426 U.S. 637 (1976)); Wright v. Maryland Penitentiary, State of Md., 429 F.2d 1101, 1105 (4th Cir. 1970) (further exhaustion required in light of new case of North Carolina v. Pearce, 395 U.S. 711 (1969)); James v. Copinger, 428 F.2d 235, 242 (4th Cir. 1970), cert. denied, 404 U.S. 959 (1971) (same); United States ex rel. Senk v. Russell, 396 F.2d 445, 446-47 (3d Cir. 1968) (further exhaustion required where petitioner relied on new Supreme Court cases including Miranda v. Arizona, 384 U.S. 436 (1966)); Brown v. New Jersey, 397 F.2d 917, 289-90 (3d Cir. 1968) (further exhaustion required in light of new

8

case of <u>Kent v. United States</u>, 383 U.S. 541 (1966)); <u>United States ex rel. DeLucia v. McMann</u>, 373 F.2d 759, 762 (2d Cir. 1967) (further exhaustion required in light of "newly articulated federal right" announced in <u>Parker v. Gladden</u>, 385 U.S. 363 (1966)); <u>United States ex rel. Kemp v. Pate</u>, 359 F.2d 749, 750 (7th Cir. 1966) (where Supreme Court decided <u>Escobedo v. Illinois</u>, 378 U.S. 478 (1964) several months after state supreme court affirmed petitioner's conviction, argument that petitioner should exhaust claim "might well be meritorious"; dictum) (footnote omitted); <u>United States ex rel. Martin v. McMann</u>, 348 F.2d 896, 898 (2d Cir. 1965) (en banc) (requiring further exhaustion of petitioner's challenge to voluntariness of his confession in light of intervening law, including <u>Massiah v. United States</u>, 377 U.S. 201 (1964) and <u>Escobedo v. Illinois</u>, 378 U.S. 478 (1964)); <u>Torrance v. Salzinger</u>, 297 F.2d 902, 905-06 (3d Cir.), <u>cert. denied</u>, 369 U.S. 887 (1962) (requiring further exhaustion of challenge to sufficiency of the evidence which was not raised previously in state court but rather was based on two recent Supreme Court decisions); <u>McCollum v. Sullivan</u>, 507 F. Supp. 865, 868 (D. Del. 1982) (further exhaustion required in light of new case of <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979); noting petitioner had not challenged sufficiency of evidence in state court)[4]; <u>United States ex rel. Gallo v. Follette</u>, 270 F. Supp. 507, 515 (S.D.N.Y. 1967) (further exhaustion of prejudicial publicity claim required in light of new cases including <u>Sheppard v. Maxwell</u>, 384 U.S. 333 (1966)

---

[4] <u>Compare</u> <u>Hawkins v. West</u>, 706 F.2d 437, 439-40 (2d Cir. 1983) (challenge to sufficiency of evidence did not require re-exhaustion in light of <u>Jackson v. Virginia</u>, <u>supra</u>, which "flowed from" <u>In re Winship</u>, 397 U.S. 358 (1970), where state courts had not applied a standard different from that articulated in <u>Jackson v. Virginia</u>).

and Rideau v. Louisiana, 373 U.S. 723 (1963)); Barnett v. Gladden, 246 F. Supp. 250, 252 (D. Or. 1965) (further exhaustion required in light of new state court case and recent decision of the Supreme Court in Pointer v. Texas, 380 U.S. 400 (1965)); Tomlin v. Beto, 241 F. Supp. 390, 391 (S.D. Tex. 1965), aff'd on other grounds, 377 F.2d 276 (5th Cir. 1967) (further exhaustion required where state court's decision predated Aguilar v. Texas, 378 U.S. 108 (1964)); United States ex rel. Gregory v. People of State of New York, 195 F. Supp. 527, 528 (N.D.N.Y. 1961) (because Mapp v. Ohio, 367 U.S. 643 (1961) worked an "abrupt change in the ruling law that previously governed . . . state court decisions," further exhaustion required); cf. Gomez v. Dretke, 422 F.3d 264, 266 (5th Cir. 2005) (although petitioner arguably presented to state courts his claim that his confession was admitted in violation of Vienna Convention on Consular Relations, subsequent decision of International Court of Justice and subsequent Presidential directive that state courts should give effect to that decision counseled in favor of "re-pursuing relief in the [state] courts"); In re Whittington, 391 U.S. 341, 343 (1968) (on review following grant of certiorari, where petitioner relied on United States Supreme Court Case decided after state court's dismissal of the case, Supreme Court vacated state court judgment and remanded case to state court "[b]ecause the [state] courts have not had the opportunity to assess the impact of [new] decision on petitioner's claims").

Several of the decisions cited above involve Supreme Court cases recognizing new constitutional rights. When the Supreme Court recognizes a new constitutional right, traditional exhaustion

analysis mandates that the petitioner return to state court and present his or her new "federal legal theory" to that court. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459 U.S. 4, 7-8 (1982); Picard, 404 U.S. at 277; Vang v. Nevada, 329 F.3d 1069, 1075 (9th Cir. 2003). However, the test to determine whether an intervening Supreme Court case warrants further exhaustion is not necessarily whether the case recognizes a new right. Rather, the test is whether the case casts the petitioner's claim in a "fundamentally different light." See Picard, 404 U.S. at 276. Therefore, further exhaustion may be appropriate not only where an intervening Supreme Court case establishes a new constitutional principle, but also where the intervening case has the effect of increasing significantly the likelihood that the state court would grant the petitioner's claim. For example, further exhaustion may be required where a new Supreme Court case sets forth a mode of constitutional analysis different from that used by the state court. See Sweet v. Cupp, 640 F.2d 233, 237 (9th Cir. 1981) (further exhaustion required in light of intervening case of Craig v. Boren, 429 U.S. 190 (1976), establishing a more stringent Equal Protection standard than that employed by state court); see also Hawkins v. West, 706 F.2d 437, 439-40 (2d Cir. 1983) (where state court applied standard for assessing constitutional challenge to the sufficiency of the evidence subsequently endorsed in Jackson v. Virginia, 443 U.S. 307 (1979), further exhaustion not required; however, if state court had applied a different standard, "the fact that Jackson was decided after Hawkins' appeal would argue strongly, perhaps conclusively, for resubmitting the reasonable doubt claim to state court on the theory that the new standard of review might produce a different result")

(citations omitted).

Similarly, further exhaustion may be appropriate where an intervening Supreme Court case undermines earlier Supreme Court authority on which the state court relied. See e.g., Franklin v. Conway, 546 F.2d 579, 581-82 (4th Cir. 1976) (new Supreme Court cases "refine[d] and, at least arguably, alter[ed] the test of invalidity [governing issue of constitutionality of statutory presumption] set forth in [earlier Supreme Court case]"). Further exhaustion may be appropriate where an intervening Supreme Court case abrogates a prior Supreme Court case that previously had impeded the petitioner's success on the merits. See Reynolds v. State of Oklahoma, 397 F. Supp. 1112, 1114 (W.D. Ok. 1975).

Perhaps most significantly for present purposes, further exhaustion may be appropriate where an intervening Supreme Court case overrules or otherwise disapproves a state court precedent on which the state court had based its denial of relief. See Wood v. Superintendent, Carolina Correctional Unit, 504 F.2d 1069, 1070 (4th Cir. 1974) (exhaustion required where Berry v. City of Cincinnati, 414 U.S. 29 (1973), "effectively overruled" Virginia Supreme Court case holding Argersinger v. Hamlin, 407 U.S. 25 (1972), was not retroactive).

On the other hand, where the intervening Supreme Court case endorses the same constitutional analysis previously employed by the state court, and thus does not increase significantly the petitioner's chances of prevailing in state court, federal habeas

12

courts have refused to require further exhaustion. See O'Neil v. Nelson, 422 F.2d 319, 323-24 (9th Cir. 1970), disapproved on other grounds, 402 U.S. 622 (1971) (although Bruton v. United States, 391 U.S. 123 (1968) postdated state courts' decisions, exhaustion not required where the petitioner had relied in state court on People v. Aranda, 63 Cal. 2d 518, 47 Cal. Rptr. 353, 407 P.2d 265 (1965); "substantially the same question that [petitioner] now presents was presented to and decided by the California court, California having anticipated Bruton.")[5]; see also Holley v. Smith, 792 F.2d 1046, 1048 (11th Cir. 1986), cert. denied, 481 U.S. 1020 (1987) (new case of Solem v. Helm, 463 U.S. 277 (1983) was not a "fundamental departure from existing law," for the case "did nothing more than . . . apply long established principles to the particular facts of that case"; further exhaustion not required); Hawkins v. West, 706 F.2d at 439-40

---

[5] The Ninth Circuit in O'Neil v. Nelson also opined that the issue was controlled by Roberts v. LaVallee, 389 U.S. 40 (1967), and Pope v. Harper, 407 F.2d 1303 (1969)). O'Neil v. Nelson, 422 U.S. at 324. In Pope v. Harper, the district court ordered the petitioner to return to state court to exhaust his federal constitutional claim in light of the new case of Chapman v. California, 386 U.S. 18 (1967). The Ninth Circuit held exhaustion was not required, because "[w]hatever support for the order derived from Blair [v. California, supra], was destroyed by the Supreme Court's decision in Roberts v. LaVallee . . . ." Pope v. Harper, 407 F.2d at 1305 (citation omitted). However, as indicated above (see fn. 1, ante), Roberts v. LaVallee involved the issue of intervening state law, not intervening Supreme Court law. Any notion that Roberts v. LaVallee governs the issue of exhaustion in the light of intervening federal law was dispelled in Francisco v. Gathright, supra, and Picard, which cited Blair. See fn. 1, ante. Moreover, in 1982, in Hudson v. Rushen, supra, the Ninth Circuit recognized, but distinguished, Blair, without intimating that Blair was no longer good law. See Hudson v. Rushen, 686 F.2d at 830 n.2. Therefore, to the extent that the Ninth Circuit's pronouncements in O'Neil v. Nelson and Pope v. Harper undercut the authoritativeness of Blair in this Circuit, those cases have not survived Francisco v. Gathright, Picard and Hudson v. Rushen.

(challenge to sufficiency of evidence did not require further exhaustion in light of Jackson v. Virginia, supra; Jackson v. Virginia "flowed from" In re Winship, 397 U.S. 358 (1970), and state courts had not applied a standard different from that articulated in Jackson v. Virginia); cf. Hudson v. Rushen, 686 F.2d 826, 830 (9th Cir. 1982), cert. denied, 461 U.S. 916 (1983) (state courts' alleged failure to consider Ninth Circuit cases articulating standards substantially parallel to those set forth in People v. Marsden, 2 Cal. 3d 118, 84 Cal. Rptr. 156, 465 P.2d 44 (1970) did not render claims unexhausted; "The exhaustion requirement does not bar admission to the federal courts until the state courts have explicitly considered every relevant federal case.").

Cunningham was not the first Supreme Court case to recognize that certain facts increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. See Blakely; Apprendi. In the circumstances of the present case, however, Cunningham casts Petitioner's Blakely claim in a "fundamentally different light" from the light that illuminated the claim at the time the state courts ruled.[6] When the

---

[6] The Court need not, and does not, reach the issue of whether Cunningham announced a "new rule" within the meaning of the retroactivity analysis discussed in Teague v. Lane, 489 U.S. 288 (1989). See Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005) (Blakely not retroactive); but see Cunningham v. California, 127 S. Ct. at 869 (criticizing Black for having examined California law to determine that California's sentencing system did not implicate significantly the concerns underlying the Sixth Amendment's jury-trial guarantee; "our decisions, however, leave no room for such an examination"; "[a]sking whether a defendant's basic jury-trial right is preserved, though some facts essential to punishment are reserved for determination by the judge, is the
(continued...)

```
 1 │ state courts ruled in Petitioner's case, the California Supreme
 2 │ Court's decision in Black presented a formidable impediment to the
 3 │ granting of relief.  As a matter of law, the California Court of
 4 │ Appeal in Petitioner's case could not depart from Black.  See Auto
 5 │ Equity Sales, Inc. v. Superior Court, 57 Cal. 2d 450, 455, 20 Cal.
 6 │ Rptr. 321, 324, 369 P.2d 937 (1962) ("The decisions of this court are
 7 │ binding upon and must be followed by all the state courts of
 8 │ California.").  As a matter of practicality, the California Supreme
 9 │ Court was highly unlikely to grant relief in light of the legally
10 │ indistinguishable Black decision that Court itself had announced only
11 │ a few months earlier.  By eliminating the impediment of Black,
12 │ Cunningham now has increased significantly Petitioner's chances of
13 │ prevailing in state court on his Blakely claim.[7]  In fact, in denying
14 │ Petitioner's petition for review of his Blakely claim, the California
15 │ Supreme Court noted it was "without prejudice to any relief to which
16 │ [Petitioner] might be entitled after the United States Supreme Court
17 │ determines in Cunningham the effect of Blakely and Booker on
18 │ California law."  See Exhibit C to Petition (citations omitted).
19 │ ///
20 │ ///
21 │ ///
22 │
23 │ ─────────────────────────────────────────
24 │      [6](...continued)
   │ very inquiry Apprendi's 'bright-line rule' was designed to
   │ exclude") (citations omitted; original emphasis); id. at 871
25 │ ("Contrary to the Black court's holding, our decisions from
   │ Apprendi to Booker point to the middle term specified in
26 │ California's statutes, not the upper term, as the relevant
   │ statutory maximum.").
27 │
   │      [7]   This Court expresses no view regarding the ultimate
28 │ merits of Petitioner's Blakely/Cunningham claim.
```

### III. **Petitioner May Be Able to Present his "Unexhausted" Claims to the California Supreme Court**.

Petitioner still may be able to present his "unexhausted" claims to the California Supreme Court. See In re Consiglio, 128 Cal. App. 4th 511, 27 Cal. Rptr. 3d 167 (2005), cert. denied, 126 S. Ct. 655 (2005) (entertaining Blakely claim on habeas corpus, although deeming Blakely non-retroactive); see generally In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) ("[H]abeas Corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted); Mendez v. Superior Court, 87 Cal. App. 4th 791, 799, 104 Cal. Rptr. 2d 839 (2001) (claim that conviction was obtained in violation of fundamental constitutional rights may be raised by state habeas petition; citation and internal quotations omitted).[8] Unless and until Petitioner fairly presents his claims to the California Supreme Court, this Court should not reach the merits of Petitioner's claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982).

Petitioner has requested the Court stay these proceedings and

---

[8] The Court expresses no opinion concerning whether consideration of a state habeas petition might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87, 21 Cal. Rptr. 2d 509, 517-34, 855 P.2d 729 (1993). The California Supreme Court should evaluate this matter in the first instance. Moreover, even if there exists an applicable state procedural bar, the California Supreme Court nevertheless might choose to reach the merits of Petitioner's claims. See, e.g., Park v. California, 202 F.3d 1146 (9th Cir.), cert. denied, 531 U.S. 918 (2000).

hold them in abeyance until his claims are exhausted in state court. See Petition, p. 7. However, this Court must dismiss a completely unexhausted habeas petition. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).[9]

## RECOMMENDATION

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition without prejudice.

DATED: November 30, 2007.

/s/ CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[9] Because Petitioner has not exhausted available state remedies as to any claim in the present Petition, it would be futile to afford Petitioner an opportunity to amend the Petition to delete the unexhausted claims. Compare James v. Pliler, 269 F.3d 1124 (9th Cir. 2001) (district court should not dismiss habeas petition without leave to amend when petitioner pleads both exhausted and unexhausted claims).

17

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.